Denio, Ch. J.
This action was brought in the year 1857, to recover damages against the defendant for obstructing and shutting up a private road or highway which the plaintiff claimed to be entitled to, over the lands of the defendant. There was a recovery for nominal damages, which carried costs and' established the right. The com *541 plaint set up two grounds on which the plaintiff claimed, to be entitled to the way, but on the trial the only one on 'which it was attempted to be sustained was a title founded on prescription and an uninterrupted adverse use for more than twenty years. The plaintiff gave evidence making out a prima facie case and rested. Among the evidence offered by the plaintiff to show the user and acquiescence of the defendant was this: That the commissioners of highways of the town of Rotterdam, in Schenectady county, in which town the alleged road was situated, allowed the plaintiff to perform his highway labor on the alleged road in the year 1856, which was the year preceding that in which the action was commenced. This evidence, in connection with the road warrant for that year, by which it appeared that the plaintiff was assessed for three days’ labor, was given in evidence, against the objection of the defendant, who exceptéd. The objection was stated to be that the acts and declarations of the commissioners last year would not affect the defendant’s right in this year. This raises the first point relied on by the appellant. The evidence was not entitled to any considerable weight, although I think it was competent. The greater part of the time of the alleged user had elapsed; but it had not wholly expired until the commencement of this action. The objection, it will be perceived, related wholly to the proximity of the time of the trial. It was not questioned' but that .the permission given by the commissioners to the plaintiff to expend his road tax on his private road was competent to be shown, but only-that so recent an act would not influence the question. I think the exception was not well taken. After the plaintiff had rested, the defendant moved for a non-suit, but the motion was denied and there was an exception. The ground upon which it is claimed in the brief that the case had not been made out, is that'the prescription, if any, was only in favor of a way from the Guilderland road, Avhich was a highAvay, and *542 which was one of the termini of the alleged private road,, to a certain mill, and that it was not available to the plaintiff except while going to and from the mill; and it was said' that it had not been recently travelled for that purpose. I do not perceive any ground in the evidence for such a limitation of the right to use the road, provided a prescription for any purpose was ■ established. Hence, I think the refusal to non-suit was right. The defendant then gave evidence on his part, respecting the origin of the private-road. Some of his witnesses testified that it arose out of a license given many years ago to one Jacob Lewis, who was then the owner of and in possession of the farm which the plaintiff now owns and possesses, to use the road during his life time. He died in 1851, and the claim of the plaintiff is that the prescriptive title to the road is appurtenant to the farm. Much of the argument contained in the defendant’s brief is devoted to showing that the user, being a license, was not adverse to the owner of the land, and also that the prescription terminated with the death of Jacob Lewis. The last of these positions is undeniably correct in point of law. And it seems to me that the other, if satisfactorily established by the evidence, would raise a question extremely difficult to be answered. But, either because the evidence on these facts was not supposed to be such ás would be credited by the jury, or for some other cause, the defendant did not in any way insist upon that position, either in his requests to charge, or otherwise; nor did the judge refer to these subjects in his charge. The part of the defendant’s argument, therefore, which refers to them, is inapplicable to the case. The judge charged the jury at considerable length, -laying down the law respecting prescriptions for private ways over the land of another person with accuracy. It had appeared that a part of the alleged private road, as once traveled, had not been lately used, although the place where the obstruction was located had been continually made use of by the *543 plaintiff down to the time of placing such obstruction. On this point the judge stated, in effect, that his ceasing to use the road through a swamp, which was the part as to which the use had been discontinued, would not prevent the plaintiff from recovering. There was an exception to this part of his charge, but I think it was entirely correct. It had appeared that another route had been substituted for the way through the swamp, but this certainly did not destroy the plaintiff’s easement as to the part over which the user had been.
It had appeared that during the twenty years of user another road had been established, answering to some extent the same purposes as the alleged private road, and that the other had been sometimes used by Lewis, through lyhom the plaintiff claimed. The defendant desired to have the jury charged that this circumstance extinguished the private road in question, but the judge declined so to charge, and the counsel excepted. It does not seem to me that the consideration that the road had become less important to the plaintiff would put an end to his right to it, supposing his title by prescription to be otherwise perfect. The same points were further insisted on in several other requests to charge, which were refused, but I regard these in the light of repetitions, made for greater caution, and that the same, so far as they were material, are embraced in what has already been said. I do not perceive any ground upon which we can disturb .the judgment. I am of opinion that it ought to be affirmed.
Mullin, J.
I am not certain that I understand correctly the facts in this case, and therefore I may not have arrived at a correct conclusion in regard to the legal principles involved in it. I understand that there was a road running from the Guilderland road .to Yolk’s Mill for many years before the controversy arose; that the road united with the Guilderland road at the place where the defendant erected *544 the obstructions which form part of the grounds of action in this case; that-the route of a portion of this road was changed so as to carry it further north, and near to the house of one Taylor, where it remained for some nine or ten years, and was then changed back to the old route. During this time Lewis, who lived, beyond the swamp, desiring a road from his place to the Guilderland -road, applied to one Delamont for permission to open a road over his (Delamont’s) land through the swamp, and it was given, and a road was opened through the swamp to the old mill road, and thus Lewis Avas accommodated with a road from his place to the Guilderland road. The plaintiff now owns the Lewis farm. The defendant, in addition to fencing up the entrance at the Guilderland road, plowed up the bed of that part of the road Avhich lies upon his land. That part of the road which runs through the swamp may be laid out of view,'as I do not discover how its extension or non-extension affects the question of liability. • The obstruction is on the old mill road; and if that road has not been used for such a length of time as to entitle the plaintiff to travel it, this opening out of the swamp road does not help it. The court charged the jury, that if that part of tin, old mill road in which the obstruction was placed had been used for over twenty years under a claim of right, Avith thu knowledge and acquiescence of Delamont, the plaintiff’ Avould be entitled to recover. The jury found for the plaintiff, and they must have found in the affirmative of the proposition thus submitted. The learned judge added to the foregoing charge, that the plaintiff would be entitled to recover if the user was found as stated, even if the plaintiff and those under whom he claims had not used the swamp road for twenty years. To this .branch of the charge the defendant’s counsel excepted. The charge was right, if the old mill road had been used twenty years: and if it was obstructed, it was wholly immaterial how long the swamp part had been used. The court was requested to *545 charge, that it was competent for Yolk and others interested in the mill road to change its location, and the substituted road having been used without objection, the old road became extinct. The judge refused to alter his. charge on that point, and the defendant’s counsel excepted. The judge had charged that it was competent- for- the owner of the right of way, and of the land over which it runs, to alter its location, and when it is changed it was for the jury to say whether such change was intended to be a permanent one, or merely temporary; and if the new way has been used by the party owning the casement, and the owner of the land forbids the use of the new road—if the right to use it exists by license—the owner of the way may go back to the old road. But if such change was the result of an .agreement to make a permanent change, then the right to change back did not attach in the event of th'e owner of the land closing the new way. In other words, I understand the judge to have submitted the question to the jury to say whether the change was intended to be permanent or temporary; if the former, then the old way was gone; if temporary, then the party entitled might fall back upon. it. The jury must have found the change to have been temporary merely. If the request is to be considered as calling upon the judge to charge that a temporary change of the location of the way by consent of paz’ties opez’ates as- an abandozzment or forfeiture of the way as first used, it was properly refused. If the way becomes impassable, and the paz’ties agree to change it until it is rendered passable, that is not such a change as will operate as an abandonment or surrender of the old line.
The change in this case continued through some nine or ten years. If the judge had been called upon to instzmct the jury as to the effect of this length óf time on the question of abandonment, I very much doubt whether it would have been found to have been a temporary change merely. Ifo request was made to charge on that point, and no ques *546 tian is now made upon it¡ and I see no reason for disturbing the judgment. '
The question whether the verdict is against evidence is not before us, nor does it seem to have been raised. The judgment should be affirmed. .
All the judges concurring, judgment affirmed.